
George C. Paine, II
US Bankruptcy Judge
Dated: 06/19/08



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br>HOLCOMB HEALTHCARE.<br>SERVICES, LLC<br>    Debtor, | Case No. 01-04329<br>Chapter 11<br>Judge George C. Paine, II |
| GRADIENT TECHNOLOGIES, LLC<br>    Plaintiff, | |
| v. | Adv. Proc. 07-0301A |
| BARBARA A. MCCULLOUGH,<br>    Defendant | |

## MEMORANDUM

This matter is before the court on Barbara McCulllough's (hereinafter "defendant"or "McCullough") motion for leave to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a) and Federal Rule of Bankruptcy Procedure 7014. Gradient Technologies, LLC (hereinafter "plaintiff" or "Gradient") objects to the motion. For the reasons cited herein, the court DENIES the defendant's motion for leave to file the third-party complaint.

Gradient filed an adversary proceeding against defendant on September 14, 2007 seeking to enforce the terms of a Settlement Agreement which Gradient alleges personally binds the defendant. Gradient filed an Amended Complaint on December 12, 2007 adding an additional count seeking to enforce an August 26, 2005 Promissory

Note in the amount of $20,000 that was executed by the defendant in connection with the Settlement Agreement. The defendant objected to this court's jurisdiction, and after that objection was overruled, the defendant filed a counterclaim and a third-party complaint against Demeter Systems, LLC on February 29, 2008. Demeter filed a motion to dismiss the third-party complaint alleging that McCullough had failed to obtain leave of court and furthermore, that the third-party complaint lacked merit. The court granted Demeter's motion to dismiss for failure of McCullough to seek leave of court as required pursuant to Fed.R.Civ.P 14 made applicable by Fed.R.Bank.P. 7014, but without prejudice to seek leave of court to refile the third-party complaint.

The court has before it now McCullough's motion for leave to file a third-party complaint against Demeter. Gradient objected to the motion because: (1) the defendant has failed to show why the complaint should be allowed; (2) the complaint fails to state a claim for relief; and (3) the matter should be heard in state court.

McCullough's complaint against Demeter alleges that McCullough was a party in two (2) related adversary proceedings, Adv. No. 303-0141 and 303-0203, which were resolved through the execution of the Settlement Agreement. Demeter was a party in related adversary proceedings which were also resolved through the execution of the Settlement Agreement. When Demeter did not make all required payments under the Settlement Agreement, the parties began negotiations again. Demeter and Gradient entered a "Standstill Agreement," and then decided to finally resolve matters by a further Settlement Agreement on November 16, 2007. Specifically, according to McCullough, Gradient cancelled all promissory notes (from the insiders) signed in conjunction with the original Settlement Agreement, except for McCullough's note. Gradient and Demeter "re-sized" the amount of Demeter's note to Gradient and among other things, agreed to different profit-sharing arrangements between Demeter and

Gradient. The terms and provisions of the November 16, 2007 Agreement provide (according to McCullough):

> Demeter will no longer have any outstanding debt in favor of Gradient and Demeter's intellectual property will no longer be subject to liens that were granted in favor of Gradient under the 2005 Settlement Agreement.

McCullough's third-party complaint against Demeter asserts that Demeter breached section 3.6(b) of the Settlement Agreement by failing to pay McCullough's $20,000 promissory note. Demeter's failure to pay the McCullough note entitles McCullough to damages including attorney fees and expenses.

Gradient asserts that McCullough has failed to state a claim upon which relief can be granted. McCullough's proposed Third-Party Complaint asserts that Demeter failed to pay the McCullough Note pursuant to Section 3.6(b) of the Settlement Agreement. Section 3.6(b) provides that Demeter agreed to "unconditionally guarantee the prompt payment when due of any and all amounts owing under the promissory notes contemplated by this Section 3.6(b)." Gradient contends that Demeter guaranteed the obligations for the benefit of Plaintiff and not McCullough. Furthermore, even if Demeter did honor its obligation under the guaranty, it would have a claim against McCullough for subrogation—not the other way around.

Gradient also asserts that McCullough has not shown cause for this Court to grant leave to bring a Third-Party Complaint pursuant to Rule 14. Even if the Court determines that a claim does exist against Demeter, such a claim is not in any way related to Gradient's bankruptcy case, and accordingly the claim should be asserted by McCullough in state court. Gradient asserts that this Court should not grant leave for any action for which it does not have jurisdiction.

Federal Rule of Civil Procedure 14, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure provides in relevant part:

Rule 14. Third-Party Practice

(a) When a Defending Party May Bring in a Third-party.

> (1) Timing of the Summons and Complaint.
> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed.R.Civ.P. 14, Fed.R.Bankr. P. 7014. Rule 14 provides that a defendant must obtain leave to file a third-party complaint more than ten days after serving its answer. The decision concerning whether to grant a motion for leave to implead is a matter committed to the discretion of the trial court, and the "exercise of discretion is essentially a process of balancing the prejudices." ***Asher v. Unarco Material Handling Inc.,*** 2007 WL 2463326 (E.D. Ky, Aug. 28, 2007) (quoting ***Kelley v. United States***, 1985 U.S. Dist. LEXIS 15807, at *7 (W.D.Mich. Sept. 19, 1985)); ***Gen. Elec. Co. v. Irvin***, 274 F.2d 175, 178 (6th Cir.1960) (citations omitted). "Competing interests includ[e] the avoiding of duplicative litigation versus ensuring that parties already before the Court receive reasonably expeditious adjudication." ***Diar v. Genesco, Inc***., 102 F.R.D. 288, 290 (N.D .Ohio 1984).

The District Court for the Eastern District in ***Asher*** described proper third-party practice as follows:

> For a third-party claim to be properly before the Court, "[t]he third-party defendant's liability must be (1) owed to the impleading party; (2) based on the underlying claim against the impleading party; and (3) derivative of the impleading party's liability." ***Gookin v. Altus Capital Partners***, 2006 U.S. Dist. LEXIS 12980, at *7 (E.D.Ky. Mar. 24, 2006). According to ***Gookin*** court, "if the third-party plaintiff claims that 'it was him, not me,' then impleader is inappropriate." ***Id***. (quoting ***Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc***., 117

> F.R.D. 576, 578 (E.D.Va.1987)). "However, if the third-party plaintiff's claim is that if he is liable, it is 'only technical or secondary or partial, and the third-party defendant is derivatively liable and must reimburse [him] for all or part ... of anything [he] must pay,' then impleader is permissible." ***Id***. (alterations in original).

***Asher*** at *2. Explained another way by the District Court for the Eastern District of Michigan:

> Rule 14(a) permits a defending party to implead another "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14(a). In ***Bank of India v. Trendy Sportswear, Inc.***, 239 F.3d 428 (2d Cir.2000), the Second Circuit discussed what it takes to sustain an impleader case. The court explained:
>
>> To sustain an impleader action, the third-party defendant ... "must be liable secondarily to the original defendant, or ... the third-party ... must necessarily be liable over to the defendant ... for all or part of the plaintiff's ... recovery, or that the defendant ... must attempt to pass on to the third-party ... all or part of the liability asserted against the defendant ...." *[ **Int'l Paving Sys., Inc. v.] Van-Tulco***, 866 F.Supp. 682,] 686 [ (E.D.N.Y.1994) ] (internal quotation marks omitted); ***Wright, Miller & Kane, Federal Practice and Procedure*** § 1446 (1990); ***see also Telecom International***, 1999 WL 777954, at *4. This means that the impleader action must be dependent on, or derivative of, the main ... claim.
>
> ***Id***. at 438. "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." ***American Zurich Ins. Co. v. Cooper Tire & Rubber Co.***, 512 F.3d 800, 804 (6th Cir.2008). ***See also Wright & Miller, Federal Practice and Procedure*** § 1446 ("The secondary or derivative liability notion is central [to a Rule 14(a) impleader] and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.").
>
> At its core, then, impleader is appropriate when the impleaded party may be liable to the defendant if the plaintiff is successful in its claim. Derivative liability is therefore the driving concept behind impleader.

***Trustees of The Sheet Metal Workers&apos; Local Union No. 80 Pension Trust Fund v. W.G. Heating & Cooling L,*** 2008 WL 2063997 *10-*11 (E.D.Mich., May 14, 2008).

In this case, the court finds that motion for leave to file the third-party complaint against Demeter should be DENIED. First, McCullough's cause of action against Demeter relies upon McCullough's interpretation of the Section 3.6 of the Settlement Agreement requiring Demeter to pay McCullough's note. The interpretation of a written contract is a matter of law. ***NSA DBA Benefit Plan, v. Connecticut Gen. Life Ins. Co.***, 968 S.W.2d 791 (Tenn. Ct. App. 1997). The cardinal rule in the construction of contracts is to ascertain the intent of the parties. ***West v. Laminite Plastics Mfg. Co.***, 674 S.W.2d 310 (Tenn. Ct. App . 1984). If the contract is plain and unambiguous, the meaning thereof is a question of law, and it is the court's function to interpret the contract as written according to its plain terms. ***Petty v. Sloan***, 277 S.W.2d 355 (Tenn. 1955). The language used in a contract must be taken and understood in its plain, ordinary, and popular sense. ***Bob Pearsall Motors, Inc. v. Regal-Chrysler Plymouth, Inc.***, 521 S.W.2d 578 (Tenn. 1975).

The plain terms of Section 3.6 of the contract provide that the guaranty provision inured to the benefit of Gradient and not McCullough. The court finds any other interpretation stretching the plain meaning. MCullough was to pay Gradient on the note for which she was personally liable. If McCullough did not pay, then Demeter would act as surety and pay McCullough's note. Presumably, Demeter could then pursue McCullogh for repayment. The court can find no plain meaning interpretation of Section 3.6 that gives McCullough a basis to bring Demeter in as a third-party defendant.

Secondly, McCullough's third-party complaint does not fit within the confines of Rule 14. For a third-party claim to be properly before the Court, "[t]he third-party defendant's liability must be owed to the impleading party. If Demeter does not owe McCullough, then already the third-party claim is defeated. For an impleader to be

appropriate, Demeter must be liable to McCullough if Gradient is successful in its action against McCullough. The court has found above that Section 3.6 of the Settlement Agreement does not create liability for Demeter in favor of McCullough.

Finally, on a balancing of the harm and benefits to all parties, and in this court's discretion, the court cannot find that judicial economy is served by adding a third-party defendant. The court finds no harm to McCullough in denying her third-party complaint against Demeter since it can find no theory in the amended complaint that establishes liability of Demeter in favor of McCullough, but does find harm to Demeter in having to defending the third-party complaint.

For all the reasons cited herein, therefore, the court DENIES McCullough's Motion for Leave to File a Third-Party Complaint against Demeter. The court instructs counsel for Demeter to prepare an appropriate ORDER within ten (10) days of entry of this Memorandum.

***THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.***

7-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:07-ap-00301    Doc 80    Filed 06/20/08    Entered 06/20/08 15:23:42    Desc Main
Document    Page 7 of 7